**356**

District of Texas, San Antonio, TX, for Plaintiff–Appellee.

Federal Public Defender's Office, Western District of Texas, San Antonio, TX, for Defendant–Appellant.

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM: *

Appealing the Judgment in a Criminal Case, Platon Aguilar–Aguilar (Aguilar) preserves for further review his contention that his sentence is unreasonable because this court's post-*Booker*** rulings have effectively reinstated the mandatory Sentencing Guideline regime condemned in *Booker*. Aguilar concedes that his argument is foreclosed by *United States v. Mares*, 402 F.3d 511 (5th Cir.2005), and its progeny, which have outlined this court's methodology for reviewing sentences for reasonableness. Aguilar also raises arguments that are foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which held that 8 U.S.C. § 1326(b)(2) is a penalty provision and not a separate criminal offense. The Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED.

UNITED STATES of America, Plaintiff–Appellee,

v.

**Juan Miguel CAMPOS–CHAPARRO,**
Defendant–Appellant.

No. 06–51591
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

June 6, 2007.

Joseph H. Gay, Jr, Assistant U.S. Attorney, U.S. Attorney's Office, Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

Judy Fulmer Madewell, Federal Public Defender's Office, Western District of Texas, San Antonio, TX, for Defendant–Appellant.

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM: *

Appealing the Judgment in a Criminal Case, Juan Miguel Campos–Chaparro raises arguments that are foreclosed by *Almendarez–Torres v. United States*, 523

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

\*\* *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which held that 8 U.S.C. § 1326(b)(2) is a penalty provision and not a separate criminal offense. The Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED.

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Alejandro ANDUAGA, Defendant–Appellant.**

No. 06–51202
Conference Calendar.

United States Court of Appeals, Fifth Circuit.

June 6, 2007.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

Jeffrey S. Mahl, Del Rio, TX, for Defendant–Appellant.

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM: *

Appealing the Judgment in a Criminal Case, Alejandro Anduaga raises argu-

ments that are foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which held that 8 U.S.C. § 1326(b)(2) is a penalty provision and not a separate criminal offense. The Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED.

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Mario Arnulfo MENDOZA–MENDOZA, also known as Mario Mendez–Rodriguez, Defendant–Appellant.**

No. 06–51207
Conference Calendar.

United States Court of Appeals, Fifth Circuit.

June 6, 2007.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

Federal Public Defender's Office, Western District of Texas, San Antonio, TX, for Defendant–Appellant.

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

the limited circumstances set forth in 5TH CIR. R. 47.5.4.